UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
AUG 09 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-583-GWU

LARRY MCGEORGE, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Larry McGeorge brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

The Farris decision provides that a fairly liberal standard should be used in evaluating whether a claimant's impairment is severe. An impairment can be considered as not severe only if the impairment is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." Farris, 773 F.2d 85, at 88.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that McGeorge, a 61 year-old former social worker with a high school education,[1] did not suffer from a "severe" impairment. (Tr. 16, 20). Therefore, the plaintiff could not be considered totally disabled. (Tr. 20).

The Court notes that the time period pertinent to this appeal is very important. McGeorge alleged a disability onset date of July 15, 1995 on his DIB application. (Tr. 48). The ALJ found that the plaintiff's DIB-insured status expired on December 31, 2000. (Tr. 20). Therefore, the claimant must prove he became disabled between these dates in order to qualify for DIB.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly determined that McGeorge did not suffer from a "severe" physical impairment during the pertinent time period. Dr. Sudideb Mukherjee (Tr. 184) and Dr. James Ross (Tr. 185), the non-examining medical reviewers, were the only physicians of record to specifically address the claimant's physical status with regard to the relevant time period and each opined that the medical evidence did not support the existence of a "severe" physical impairment prior to December, 2000. The Court notes that Dr. Steven Morgan, a treating source, did opine in April of 2003, that the plaintiff was "<u>currently</u> unable to perform any type of employment." (Tr. 195) (emphasis added). This statement refers to the claimant's status in 2003 and clearly does

---

[1] The plaintiff reported having obtained a BS degree from Cumberland College. (Tr. 227).

4

plaintiff's ability in several areas as "fair" including complex and moderately complex instructions, relating to co-workers and supervisors, persisting on tasks and tolerating work-related stress. (Tr. 119). "Fair" was not defined and the modest GAF rating would suggest that only slight impairment was indicated. Even if this impairment were considered to be "severe," it would not rise to a "substantial" loss of ability in the key areas identified under Social Security Ruling 85-15 to justify a finding of total disability in the absence of a 'severe" physical impairment. Therefore, any error in finding this not to be a "severe" impairment is harmless.

McGeorge argues that the ALJ should have recontacted Dr. Morgan if he believed that the information provided by the physician was inadequate to support his disability opinion. The federal regulations provide that:

> We will seek additional evidence or clarification from your medical source when the report contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically accepted clinical and laboratory diagnostic techniques.

20 C.F.R. Section 404.1512(e)(1). However, the Court notes that Dr. Morgan's April, 2003 was not ambiguous, it clearly referred to the current time period and did not address the issue of his status during the relevant time frame. Therefore, the Court finds that the duty to recontact was not triggered in this case.

McGeorge also asserts that the ALJ did not fulfill his duty to fully develop the record. The plaintiff, while not represented by an attorney, was assisted at the hearing level by Ellen Webb, a non-attorney representative. (Tr. 223). The claimant's medical and vocational background was well-developed in over 40 pages of hearing transcript. The ALJ and Webb extensively discussed the evidentiary problems presented by the case concerning the distant relevant time period. (Tr. 223-225). The ALJ gave the plaintiff 30 additional days to submit

6

relevant evidence concerning the relevant time frame. While the plaintiff insists that additional evidence relating to the pertinent time period should have been sought from Dr. Morgan as well as the Comprehensive Care Center, the undersigned notes that such evidence was never submitted to the ALJ, to the Appeals Council nor to this Court. Under these circumstances, the Court finds the claimant's assertion that probative evidence might be available from these sources to be speculative at best. Therefore, the undersigned must reject the plaintiff's argument.

The Court notes that McGeorge submitted several additional medical records directly to the Appeals Council which were never seen by the ALJ. This action raises issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993).

A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). It is obvious that such evidence must be reviewed (if at all) by the administrative agency, rather than by the court of first instance. The statute provides that a claimant must prove that the additional evidence is both material and that good cause existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In order to demonstrate "materiality," a claimant must show that a reasonable probability exists that the Commissioner would have reached a different conclusion if originally presented with the new evidence. Sizemore, 865 F.2d at 711. Thus, the new evidence must be material and good cause must be shown why it was not previously submitted.

7

The medical records with which McGeorge seeks a remand of the action include treatment notes from Dr. Shawn Fugate dated between April, 1992 and June, 1995 (Tr. 211-213) and treatment notes from Dr. Morgan dated between October, 2003 and February, 2004. (Tr. 214-215). The records from Dr. Fugate are before the relevant time period and contain no functional restrictions which would relate to this time period. The records from Dr. Morgan are dated well after the relevant time period and do not purport to "relate back" to it. Therefore, these treatment records are not "material" and a remand of the action for the taking of new evidence is not required.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 9 day of August, 2006.

G. WIX UNTHANK
SENIOR JUDGE

8